No. 77.—ROBERT G. FORD, plaintiff in error, *vs.* WILLIAM W. TISON, administrator, *de bonis non*, &c. defendant in error.

[1.] A files his bill, charging that he is the owner of four shares in an estate represented by the defendant B ; that he became the purchaser at public sale, of property belonging to that estate, for which he gave his notes, with an understanding with the then executrix, that they should be paid by allowing him the aforesaid shares ; that suit has been instituted and judgment had on the notes, which is now proceeding against him, and praying that the judgment be enjoined and the agreement enforced, by allowing to complainant the amount of his four shares as a credit on it : *Held,* that upon the answer distinctly denying that the estate owed the complainant any thing, and stating that the four shares claimed in the bill have been paid to him, the injunction was very properly dissolved.

In Equity, in Dooly Superior Court.   Decision on motion to dissolve injunction, by Judge WARREN, May Term, 1850.

Theophilus Williams, by his last will, directed certain property to be kept together, until his youngest son should arrive of age, at which time he directed it to be divided among his children.

Robert G. Ford, by a bill filed by him, alleged that he was the purchaser of the shares of four of the children ; that at the time the youngest son arrived of age, the executrix, Mary Williams, caused a public sale of the property, for the purpose of distribution ; that he became the purchaser of a portion of the property, and gave his notes therefor ; that the executrix agreed with him to hold the notes until a settlement, and then apply them as a payment towards the shares he had purchased of the distributees ; that contrary to this agreement, Mary Williams, as executrix, sold a portion of the notes, and sued and recovered judgment upon the others.   The bill alleged, that Mary Williams had died, and Tison had been appointed as administrator, *de bonis non ;* that he was threatening to enforce the executions without accounting for the balance due on the distributive shares owned by him.   The bill prayed an account and injunction.

The answer of Tison, administrator, denied all knowledge of the alleged agreement, and stated his belief, that none such ever existed.   The answer denied any liability to account to Ford— he having received the full amount due to him.   His receipt was appended as an exhibit.   Upon the coming in of the answer, a

Ford *vs.* Tison.

motion was made to dissolve the injunction, on the ground that the equity of the bill was sworn off. The Court granted the motion, and complainant excepted.

H. HOLT, representing HINES & HINES, for plaintiff in error.

P. J. STROZIER, for defendant.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] The Court below dissolved the injunction in this case upon the coming in of the answer. The plaintiff in error excepts, alleging that the equity of his bill is not sworn off. He insists that the answer is insufficient, further, because the defendant answers upon his information and belief, when it is indispensable that he should answer according to his knowledge. As to the latter idea, I remark, that this Court has held that a bare denial or affirmation of a material allegation upon information and belief, is not sufficient upon a motion to dissolve an injunction, even when the defendant is sued in a representative character. The complainant charges, that he became the purchaser of four shares in the estate which defendant represents, that he also became the purchaser of the property of the estate to the amount of twelve hundred dollars, or about that sum, and gave his notes for the same; that it was agreed between himself and the executrix to the will, which the defendant now represents as administrator, *de bonis non,* with the will annexed, that these notes should be settled by an allowance to him of the amount of the four shares which he owned in the estate; that the judgment, which is proceeding against him, is founded on the notes which he gave for the property, and he prays that it may be enjoined, and that the defendant account and settle with him according to the contract which he made with the executrix. This is the complainants case. The answer denies any knowledge of the contract, and the defendant states, that upon his information and belief, there never was any such contract, and proceeds to give reasons and facts for this belief. It is not necessary to determine whether, upon this point, the answer is full enough to dissolve the injunction, because, in other respects, it completely and unequivocally denies the complainant's equity. The complainant charges that the es-

tate represented by the defendant, is indebted to him in the amount of the four shares which he bought. It is to cause this amount to be offsetted in pursuance of the alleged contract, that the bill is filed and the injunction asked. *Without* this indebtedness, he has no case ; his equity, if he has any, grows out of this fact. This fact is distinctly charged. Now this fact is positively denied in the answer. It states that he has received the whole of his four shares. Its denial is not put upon the information or belief of the defendant, but is made without any sort of qualification, and the receipt of the complainant is appended as an exhibit. This denial is directly responsive to the bill. It strikes at the root of the complainant's equity, and leaves his injunction nothing upon which to stand.

Let the judgment be affirmed.